J-S23043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY J. MAYER | : | |
| | : | |
| Appellant | : | No. 2768 EDA 2017 |

Appeal from the PCRA Order August 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0523341-1981

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 08, 2018**

Appellant Troy J. Mayer appeals *pro se* from the August 14, 2017, order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed. After a careful review, we affirm.

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

> Appellant shot two men, killing one and seriously wounding the other, in retaliation for an alleged theft. After the shooting, Appellant kidnapped a couple at gunpoint and forced them to drive him from the scene. On December 14, 1981, a jury found Appellant guilty of numerous crimes, including first-degree murder, and the trial court sentenced Appellant to an aggregate of life in prison.
>
> Appellant filed a direct appeal, and this Court affirmed his judgment of sentence. *See Commonwealth v. Mayer*, 1697

_____

* Former Justice specially assigned to the Superior Court.

Philadelphia 1984 (Pa.Super. filed 9/18/85) (unpublished memorandum). On April 10, 1986, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal; Appellant did not file a petition for writ of *certiorari* in the United States Supreme Court.

In March of 1987, Appellant filed a petition under the Post Conviction Hearing Act, which is the predecessor to the PCRA. The lower court denied the petition, Appellant appealed, and this Court affirmed on November 2, 1988. ***See Commonwealth v. Mayer***, 555 A.2d 247 (Pa.Super. 1988) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 20, 1989.

On January 16, 1997, Appellant filed a PCRA petition averring, *inter alia*, that there was after-discovered evidence that someone else had committed the murder for which he was convicted. Following an evidentiary hearing, by order entered on October 15, 2002, the lower court purportedly sought to grant Appellant a new trial, and the Commonwealth filed an appeal to this Court. Concluding Appellant's PCRA petition was facially untimely, and Appellant failed to invoke any exception within the required sixty days, this Court found the PCRA court had no authority to grant Appellant PCRA relief. ***See Commonwealth v. Mayer***, 3496 EDA 2002 (Pa.Super. filed 4/5/04) (unpublished memorandum). Therefore, this Court vacated the PCRA court's October 15, 2002, order. ***See id.*** Appellant filed a petition for allowance of appeal, which the Supreme Court denied on April 1, 2005.

\*\*\*

On May 8, 2005, Appellant filed [a] *pro se* PCRA petition, as well as a *pro se* supplemental PCRA petition. . . .On February 5, 2008, the PCRA court. . .dismissed Appellant's PCRA petition.

***Commonwealth v. Mayer***, 770 EDA 2008 (Pa.Super. filed 3/29/10) (unpublished memorandum) (footnote omitted). On appeal, this Court affirmed, and Appellant filed a petition for allowance of appeal, which the Supreme Court denied.

On or about July 24, 2012, Appellant filed a *pro se* PCRA petition, and counsel entered his appearance on June 6, 2016.[1] Thereafter, counsel filed a petition seeking to withdraw his representation, as well as a **Turner/Finley**[2] "no-merit" letter. The PCRA court provided Appellant with notice of its intent to dismiss the petition without a hearing, to which Appellant filed a response. By order entered on August 14, 2017, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition. This timely, *pro se* appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, Appellant did not file such a statement. However, on October 20, 2017, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. **See Commonwealth v. Hutchins**, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall

---

[1] The record does not provide the reasons for the delay.

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the

- 4 -

date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

In the case before us, this Court affirmed Appellant's judgment of sentence on September 18, 1985, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 10, 1986. Appellant did not file a writ of *certiorari* with the U.S. Supreme Court, and therefore, his sentence became final on or about June 10, 1986, which marked the expiration of the 60-day time limit in which Appellant could have sought discretionary review. ***See Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008) (holding that judgment becomes final at the conclusion of direct review, including discretionary review in the U.S. or Pennsylvania Supreme Courts or at the expiration of the time for seeking the review); Former U.S. Supreme Court Rule 20.1 (petition for writ of *certiorari* is deemed timely when it is filed within 60 days after the denial of *allocatur*). Appellant filed the instant PCRA petition on or about July 24, 2012, which is clearly more than one year from when Appellant's judgment of sentence became final. Therefore, Appellant PCRA petition is facially untimely under the PCRA.

This does not end our inquiry, however, as Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, Appellant avers

that his sentence is illegal under **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 132 S.Ct. 2455 (2012).

Assuming, *arguendo*, Appellant met the initial sixty day threshold, we conclude the dictates of **Montgomery/Miller** are inapplicable to Appellant. In **Montgomery**, the High Court held that its ruling in **Miller** is to be given retroactive effect on collateral review. In **Miller**, the High Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition to cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances.

The **Miller** decision applies to only those defendants who were "under the age of 18 at the time of their crimes." **Miller**, 132 S.Ct. at 2460. Here, as the PCRA court determined:

> Appellant was convicted of first degree murder for a killing that occurred on April 7, 1981. According to his birth certificate, Appellant was born on July 2, 1962. [Thus,] [a]t the time of the murder, Appellant was eighteen years and nine months old. Appellant was sentenced to life without the possibility of parole on May 25, 1984.

PCRA Court Opinion, filed 10/20/17, at 2. Consequently, the PCRA court concluded that the holdings in **Montgomery/Miller** are not applicable to Appellant. We find no error in this regard. **See Wojtaszek**, **supra**.

Appellant argues, nevertheless, that he may invoke **Montgomery/Miller** because of his immature brain development at the time of the crime. Appellant seeks an extension of **Montgomery/Miller** to

- 6 -

persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. However, this Court has previously rejected such an argument. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding the nineteen-year-old appellant was not entitled to relief under **Miller/Montgomery** on collateral review; rejecting argument that he should be considered a "technical juvenile").

In light of the aforementioned, we agree with the PCRA court that Appellant's instant PCRA petition is untimely, and he has failed to invoke successfully any of the timeliness exceptions.[3] Accordingly, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/18

---

[3] Appellant claims the PCRA court erred in appointing a member of the Public Defender's Office to represent him in this serial PCRA petition since there was a "conflict of interest." We find Appellant is not entitled to relief on this claim. Assuming, *arguendo*, he presented this claim in the court below, on appeal, aside from bald assertions, Appellant has not developed this claim in any meaningful manner. **See** Pa.R.A.P. 2119.

- 7 -